IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TEX PAT, LLC,<br>　　　*Relator*,<br>　　　　　　v.<br>(1) BECTON, DICKINSON AND COMPANY,<br>(2) BD BIOSCIENCES, a division of BECTON, DICKINSON AND COMPANY, and<br>(3) BENEX LTD.,<br>　　　*Defendants*. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Tex Pat, LLC ("Relator") makes the following allegations against Becton, Dickinson and Company, as well as division BD Biosciences and subsidiary Benex Ltd. (collectively, "BD" or "Defendant"):

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 2300 Richmond, Suite 345, Houston, Texas 77098-3265. Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098-3265, as its agent for service of process.

3. On information and belief, Becton, Dickinson and Company is a New Jersey company with its principal place of business at 1 Becton Drive, Franklin Lakes, NJ 07417-1880. Becton, Dickinson and Company has appointed Dean J. Paranicas, 1 Becton Drive, Franklin Lakes, NJ 07417-1880, as its agent for service of process.

4. On information and belief, BD Biosciences is a division of Becton, Dickinson and Company.

5. On information and belief, Benex Ltd. is a subsidiary of Becton, Dickinson and Company. Benex Ltd. is an Irish company with its principal place of business at Shannon Industrial Estate, Shannon, County Clare, Ireland. Benex Ltd. may be served at Shannon Industrial Estate, Shannon, County Clare, Ireland, via an officer, a managing or general agent, or any other person or entity authorized by appointment or by law to receive service of process.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

8. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

**FACTS**

9. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 3,729,382 ("the '382 Patent"), a true and correct copy of which is attached as <u>Exhibit A</u>, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the RODAC™ Plate products, as illustrated in <u>Exhibit B</u>.

10. The '382 Patent (<u>Exhibit A</u>), which is titled "Microorganism Sampling Dish," was filed in the United States on December 9, 1970 and issued on April 24, 1973.

11. The '382 Patent expired, at the very latest, on December 9, 1990.

12. When the '382 Patent expired, all future rights in the patent ceased to exist.

13. Subsequent to expiration of the '382 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '382 Patent in combination with its RODAC™ Plate products. *See, e.g.*, <u>Exhibit B</u> (advertising the "patented RODAC™ Plate," based on the '382 Patent, despite bearing a copyright and printed on date of 2000, more specifically, an electronic creation date of July 17, 2000).

14. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,632,902 ("the '902 Patent"), a true and correct copy of which is attached as <u>Exhibit C</u>, in connection with Defendant's products and/or related packaging and advertisements, including, by way of example only, the BD Bactec™ Peds Plus™ /F Culture Vials and

BD Bactec™ Plus Aerobic/F and Plus Anaerobic/F Culture Vials, as illustrated in Exhibits D-E, respectively.

15. The '902 Patent (Exhibit C), which is titled "Method for Detecting Biological Activity in Body Fluid," was filed in the United States on January 3, 1985 and issued on December 30, 1986. The application for the '902 Patent is a continuation-in-part of S/N 527,144, filed August 29, 1983, which is a continuation of S/N 294,857, filed August 20, 1981.

16. The '902 Patent expired, at the very latest, on January 3, 2005.

17. When the '902 Patent expired, all future rights in the patent ceased to exist.

18. Subsequent to expiration of the '902 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '902 Patent in combination with the BD Bactec™ Peds Plus™/F Culture Vials and BD Bactec™ Plus Aerobic/F and Plus Anaerobic/F Culture Vials products. *See, e.g.*, Exhibit D (containing package insert, bearing a copyright date of 2010, more specifically an electronic creation date of April 6, 2010, for BD Bactec™ Peds Plus™/F Culture Vials products, and marking, affixing, and/or advertising the '902 Patent) and Exhibit E (containing package insert, bearing a copyright date of 2010, more specifically an electronic creation date of March 25, 2010, for Plus Anaerobic/F Culture Vials products, and marking, affixing, and/or advertising the '902 Patent).

19. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 3,074,853 ("the '853 Patent"), a true and correct copy of which is attached as Exhibit F, in connection with Defendant's products and/or related product packaging and

advertisements, including, by way of example only, the BD RPR Card Antigen Suspension products, as illustrated in Exhibit G.

20. The '853 Patent (Exhibit F), which is titled "Serological Test Card with Color Solid as Visualizing Agent," was filed in the United States on June 22, 1961 and issued on January 22, 1963.

21. The '853 Patent expired, at the very latest, on June 22, 1981.

22. When the '853 Patent expired, all future rights in the patent ceased to exist.

23. Subsequent to expiration of the '853 Patent, BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the '853 Patent in combination with its BD RPR Card Antigen Suspension products. *See, e.g.*, Exhibit G (containing package insert bearing a copyright date of 2008, more specifically an electronic creation date of June 3, 2008, for the BD RPR Card Antigen Suspension products, and marking, affixing, and/or advertising the '853 Patent).

24. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 3,394,846 ("the '846 Patent"), a true and correct copy of which is attached as Exhibit H, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the BD BBL™ Sensi-Disc™ products, as illustrated in Exhibit I.

25. The '846 Patent (Exhibit H), which is titled "Sensitivity Disc Dispenser," was filed in the United States on February 16, 1967 and issued on July 30, 1968.

26. The '846 Patent expired, at the very latest, on February 16, 1987.

27. When the '846 Patent expired, all future rights in the patent ceased to exist.

28. Subsequent to expiration of the '846 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '846 Patent in combination with its BD BBL™ Sensi-Disc™ products. *See, e.g.*, Exhibit I (containing package insert, bearing a copyright date of 2005, more specifically an electronic creation date of September 26, 2005, for BD BBL™ Sensi-Disc™ products, and marking, affixing, and/or advertising the '846 Patent).

29. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,377,554 ("the '554 Patent") and 4,976,931("the '931 Patent"), true and correct copies of which are attached as Exhibits J-K, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the BD BBL™ CampyPak™ Plus Microaerophilic System Envelopes with Palladium Catalyst products, as illustrated in Exhibit L.

30. The '554 Patent (Exhibit J), which is titled "Generation of Microaerophilic Atmosphere," was filed in the United States on August 26, 1981 and issued on March 22, 1983.

31. The '554 Patent expired, at the very latest, on August 26, 2001.

32. When the '554 Patent expired, all future rights in the patent ceased to exist.

33. The '931 Patent (Exhibit K), which is titled "Generation of Anaerobic or MicroAerophilic Atmosphere," was filed in the United States on December 12, 1985 and issued on December 11, 1990. The portion of the term of the '931 Patent subsequent to December 31, 2002 has been disclaimed.

34. The '931 Patent expired, at the very latest, on December 31, 2002.

35. When the '931 Patent expired, all future rights in the patent ceased to exist.

36. Subsequent to expiration of the '554 Patent and the '931 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '554 Patent and the '931 Patent in combination with its BD BBL™ CampyPak™ Plus Microaerophilic System Envelopes with Palladium Catalyst products. *See, e.g.*, Exhibit L (containing package insert bearing a copyright date of 2007, more specifically an electronic creation date of November 12, 2007, for the BD BBL™ CampyPak™ Plus Microaerophilic System Envelopes with Palladium Catalyst products, and marking, affixing, and/or advertising the '554 Patent and the '931 Patent).

37. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,030,978 ("the '978 Patent"), a true and correct copy of which is attached as Exhibit M, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the BD BBL™ Port-A-Cul™ Specimen Collection and Transport products, as illustrated in Exhibit N.

38. The '978 Patent (Exhibit M), which is titled "Novel Assembly, Compositions and Methods," was filed in the United States on July 29, 1976 and issued on June 21, 1977.

39. The '978 Patent expired, at the very latest, on July 29, 1996.

40. When the '978 Patent expired, all future rights in the patent ceased to exist.

41. Subsequent to expiration of the '978 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '978 Patent in combination with its BD BBL™ Port-A-Cul™ Specimen Collection and Transport products. *See, e.g.*, Exhibit N (bearing a copyright date of 2010, more

specifically an electronic creation date of January 25, 2010, for the BD BBL™ Port-A-Cul™ Specimen Collection and Transport products, and marking, affixing, and/or advertising the '978 Patent).

42. BD has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,190,535 ("the '535 Patent"), 4,350,593 ("the '593 Patent"), 4,751,001 ("the '001 Patent"), 4,818,418 ("the '418 Patent"), and 5,053,134 ("the '134 Patent"), true and correct copies of which are attached as Exhibits O-S, respectively, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the BD Vacutainer® CPT™ Cell Preparation Tube with Sodium Citrate products, as illustrated in Exhibit T.

43. The '535 Patent (Exhibit O), which is titled "Means for Separating Lymphocytes and Monocytes from Anticoagulated Blood," was filed in the United States on July 10, 1978 and issued on February 26, 1980. The application for the '535 Patent is a continuation-in-part for S/N 881,252, filed February 27, 1978.

44. The '535 Patent expired, at the very latest, on July 10, 1998.

45. The '593 Patent (Exhibit P), which is titled "Assembly, Compositions and Method for Separating Blood," was filed in the United States on June 25, 1979 and issued on September 21, 1982. The application for the '593 Patent is a continuation of S/N 861,676, filed December 19, 1977, which is a continuation-in-part of S/N 802,724, filed June 2, 1977, which is a continuation of S/N 665,964, filed March 1, 1976, which is a continuation-in-part of S/N 629,707, filed November 7, 1975.

46. The '593 Patent expired, at the very latest, on September 21, 1999.

47. The '001 Patent (Exhibit Q), which is titled "Blood Partitioning Apparatus," was filed in the United States on September 24, 1984 and issued on June 14, 1988.

48. The '001 Patent expired, at the very latest, on June 14, 2005.

49. The '418 Patent (Exhibit R), which is titled "Blood Partitioning Method" was filed in the United States on February 3, 1988 and issued April 4, 1989.  The application for the '418 Patent is a division of S/N 653,178, filed September 24, 1984.

50. The '418 Patent expired, at the very latest, on April 4, 2006.

51. The '134 Patent (Exhibit S), which is titled "Lymphocyte Collection Tube" was filed in the United States on January 17, 1990 and issued October 1, 1991.  The portion of the '134 Patent subsequent to April 17, 2007 has been disclaimed.

52. The '134 Patent expired, at the very latest, on April 17, 2007.

53. When the '535 Patent, the '593 Patent, the '001 Patent, the '418 Patent, and the '134 Patent expired, all future rights in those patents ceased to exist.

54. Subsequent to expiration of the '535 Patent, the '593 Patent, the '001 Patent, the '418 Patent, and the '134 Patent, BD has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '535 Patent, the '593 Patent, the '001 Patent, the '418 Patent, and the '134 Patent in combination with its BD Vacutainer® CPT™ Cell Preparation Tube with Sodium Citrate products.  *See, e.g.*, Exhibit T (containing product description, bearing a copyright date of 2010, for the BD Vacutainer® CPT™ Cell Preparation Tube with Sodium Citrate products, and marking, affixing, and/or advertising the '535 Patent, the '593 Patent, the '001 Patent, the '418 Patent, and the '134 Patent).

55. BD is a large, sophisticated company. *See, e.g.*, Exhibit U at p. 1 (indicating in BD's 2009 10-K that BD is traded on the New York Stock Exchange); *see also id*. at p. 2 ("[BD] is a global medical technology company engaged principally in the development, manufacture and sale of medical devices, instrument systems and reagents used by healthcare institutions, life science researchers, clinical laboratories, the pharmaceutical industry and the general public.").

56. BD has, and routinely retains, sophisticated legal counsel. *See, e.g.*, Exhibit U at p.15 (noting BD'S general counsel).

57. BD has decades of experience applying for, obtaining, licensing, and litigating patents. *See*, *e.g.*, Exhibit U at p. 4 (indicating in BD's 2009 10-K that BD "owns significant intellectual property including patents patent applications, technology, trade secrets, know-how, copyrights and trademarks in the U.S. and other countries. [BD] is also licensed under domestic and foreign patents, patent applications, technology, trade secrets, know-how, copyrights and trademarks owned by others. In the aggregate, these intellectual property assets and licenses are of material importance to [BD's] business").

58. BD knows, and at the very least reasonably should know, that an expired patent does not cover any of the accused BD products, or any products whatsoever. *See, e.g.*, Exhibit U at p. 10 (acknowledging that "[BD] can lose the protection afforded by these intellectual property assets through patent expirations").

59. As a result of its false marking, BD has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated of enforcement. *See, e.g.,* Exhibit U at p. 10 ("Patents

attained by competitors, particularly as patents on our products expire, may also adversely affect our competitive position.").

## CLAIM

60. Relator incorporates paragraphs 1–59 as if fully set forth herein. BD has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including the RODAC™ Plate, BD Bactec™ Peds Plus™ /F Culture Vials, BD Bactec™ Plus Aerobic/F and Plus Anaerobic/F Culture Vials, BD RPR Card Antigen Suspension, BD BBL™ Sensi-Disc™, BD BBL™ CampyPak™ Plus Microaerophilic System Envelopes with Palladium Catalyst, BD BBL™ Port-A-Cul™ Specimen Collection and Transport, and BD Vacutainer® CPT™ Cell Preparation Tube with Sodium Citrate products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e).	An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).	Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 20, 2010				Respectfully submitted,

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

            **Attorneys for Relator**
            **TEX PAT, LLC**